**SO ORDERED.**



| | |
|---|---|
| Donald L. Gaffney (#005717)<br>Lori A. Lewis (#019285)<br>Benjamin W. Reeves (#025708)<br>**SNELL & WILMER** L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202<br>Telephone: (602) 382-6000<br>Facsimile: (602) 382-6070<br>E-mail: dgaffney@swlaw.com<br>llewis@swlaw.com<br>breeves@swlaw.com<br>Attorneys for CoBank ACB | **Dated: July 22, 2010**<br><br>_____<br>**CHARLES G. CASE, II**<br>**U.S. Bankruptcy Judge** |

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>SNOWFLAKE WHITE MOUNTAIN POWER, LLC,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 2:10-bk-21604-CGC<br><br>**STIPULATED ORDER APPROVING INTERIM USE OF CASH COLLATERAL** |

Upon consideration of the *Emergency Stipulated Motion for Interim Order Authorizing the Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363* ("**Cash Collateral Motion**") [Docket No. 13] filed on July 12, 2010, by Secured Creditor CoBank, ACB ("**CoBank**") and David M. Reaves, the Receiver over Snowflake White Mountain Power, LLC and the interim representative of the bankruptcy estate (collectively, the "**Debtor**" or "**SWMP**"), and the argument presented in open Court on July 13, 2010, pursuant to Bankruptcy Code § 363, Rule 4001(d), Federal Rules of Bankruptcy Procedure, and Local Rule 4001-3, CoBank and the Debtor (collectively, the "**Moving Parties**") sought an interim order ("**Interim Order**"): (a) authorizing the Debtor to pay necessary and essential post-petition operating expenses for the next thirty (30) days ("**July-August 2010 Expenses**"), with certain cash and cash equivalents ("**Cash**") pursuant to a budget that is attached hereto as **Exhibit 1** (the "**Budget**"); and (b) authorizing a continuing and post-petition lien in CoBank's favor in all of the Debtor's post-petition receivables.

11728589

In exchange for, among other things, CoBank's consent to the use of its cash collateral, the Debtor grants replacement liens on and security interests in all existing and hereafter acquired property and assets of the Debtor of every kind and character, to the extent (if any) and in the same validity, priority, and enforceability that CoBank held a non-avoidable lien and security interest in such kind and character of property and assets of the Debtor, as of the commencement of the above captioned Chapter 11 case.

The Cash Collateral Motion was noticed to the United States Trustee, the twenty (20) largest unsecured creditors in the case, and all other parties that have appeared in this case. Based on the Cash Collateral Motion and the consent of CoBank, the Court finds and concludes as follows:

A. The Cash Collateral Motion presents a "core" proceeding over which the Court has jurisdiction to grant relief pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O); 11 U.S.C. § 105 and 363; and Bankruptcy Rule 4001.

B. The limited use of the Cash to pay the July-August 2010 Expenses, as described in the Budget is necessary and essential to preserve on a going concern basis the assets of the Debtor and its bankruptcy estate.

C. Based on all germane matters of record in this case, the Court finds that good cause presently exists to grant the Cash Collateral Motion on an interim basis. Accordingly,

**IT IS HEREBY ORDERED** as follows:

1. The Cash Collateral Motion shall be and hereby is granted on an interim basis in its entirety. This Order may be extended from time to time as further ordered by the Court.

2. The Debtor is authorized to use the Cash to pay ordinary, necessary, and essential post-petition operating expenses for the thirty (30) days following entry of this Interim Order, according to the terms of the attached Budget, and pursuant to the stipulation of CoBank and the Debtor described in ¶¶ 19-32 of the Cash Collateral Motion

11728589

1. (the "**Stipulation**"). The terms and conditions of the Stipulation are approved, ratified, and granted in their entirety.

3. The Debtor's authorization to use the Cash in accordance with the terms of this Interim Order will remain in effect through August 15, 2010 or pending further order from this Court.

4. The Debtor's grant of the Replacement Liens, as that term is defined in ¶ 25 of the Cash Collateral Motion, on, and security interests in, all existing and hereafter acquired property and assets of the Debtor of every kind and character, to the extent (if any) and in the same validity, priority, and enforceability that CoBank held a non-avoidable lien on and security interest in such kind and character of property and assets of the Debtor, as of the commencement of its Chapter 11 case is hereby approved, ratified, and granted in its entirety.

5. Nothing in this Interim Order shall constitute a determination of the validity, priority, or extent of the claim of CoBank. Likewise, nothing in this Interim Order shall constitute a determination of the validity, priority, or extent of any lien or security interest claimed by CoBank against the property or assets of the Debtor or the Debtor's estate. Nothing in this Order constitutes a finding that the interests of CoBank in the Debtor's case are adequately protected.

6. Nothing herein shall authorize the Debtor, or the Receiver, to borrow funds from CoBank, or any other lender, on a priming basis without notice and a hearing before this Court. Neither the Debtor, nor the Receiver, may sell, transfer, or assign any assets of the Debtor outside the ordinary course of business without prior notice and a hearing before this Court.

7. The Debtor and/or CoBank shall serve a copy of this Order on: United States Trustee, the twenty (20) largest unsecured creditors in the case, all other parties that have appeared in this case, and counsel for any statutory committee appointed in the case.

**DATED AND SIGNED ABOVE.**

11728589

- 3 -