**REAVES LAW GROUP**
A PROFESSIONAL CORPORATION
2999 North 44th Street, Suite 600
Phoenix, Arizona 85018
Telephone (602) 241-0101
Facsimile (602) 241-0114

David M. Reaves, Receiver
State Bar No. 011677

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re:<br><br>SNOWFLAKE WHITE MOUNTAIN POWER, LLC,<br><br>Debtor. | Case No. 2:10-bk-21604-CGC<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY EWING BEMISS & CO. INVESTMENT BANKERS AS BROKER FOR CHAPTER 11 DEBTOR IN CONNECTION WITH SALE OF THE DEBTOR'S POWER PLANT OPERATIONS** |

Pursuant to 11 U.S.C. § 1107 and the Bankruptcy Rule 2014, David M. Reaves, the Receiver over Snowflake White Mountain Power, LLC, and the representative of the debtor herein ("Debtor"), applies for an order approving the employment of Ewing Bemiss & Co., Investment Bankers ("EB&Co."), to act as broker in connection with the sale of the Debtor's power plant operations, effective as of the date of the filing of the petition herein.

1. David M. Reaves was appointed State Court Receiver of the Debtor on April 5, 2010, per Stipulated Order Appointing Receiver entered in Case No. CV2010-010975 in the Maricopa County Superior Court of Arizona.

1

2. On July 9, 2010, the Debtor, by and through David M. Reaves, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor herein operates a 24 Mega Watt biomass power plant operation.

4. Prior to the filing of the Petition herein, Receiver had retained EB&Co. to serve as broker in connection with the marketing and eventual sale of the Debtor's power plant facility, and to provide the following services, among other things: (i) the preparation of a descriptive Memorandum, including materials requested by potential buyers; (ii) solicit, identify, evaluate proposals received from, and prepare a list of prospective buyers of the Debtor; (iii) assist the Debtor in structuring and negotiating a agreement for the sale of the Debtor; (iv) assist the Debtor is connection with the due diligence process; and (v) provide advisory services, as set forth in the Engagement Letter attached as Exhibit "A".

5. CoBank ACB financed the construction and operation of the facility, and holds a lien upon all of the Debtor's assets. Receiver was put in place upon the stipulation of CoBank and the Debtor for the specific purpose of maintaining the Debtor's operations while trying to market and sell the power plant.

6. To date, EB&Co has undertaken significant effort to market the power plant operation, including the compilation of an offering book, solicitation of initial bids, and assisting potential purchasers in completing their due diligence, among other things.

7. This petition was filed as a result of the attempted termination of the Power Purchaser Agreement between the Debtor and SRP, and to prevent the sales process from collapsing as a result. It is imperative that the services of EB&Co continue post petition on behalf of this estate. The prospective purchasers solicited by EB&Co are in the midst of their respective due diligence investigations, with the hope the final bids will be made shortly.

8. Receiver requests that the approval of the employment of EB&Co pursuant to 11 U.S.C. §§363, 1107, and 105, and further requests that the employment be effective as of the date of filing of the petition herein. 11 U.S.C. § 363(b)(1) provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. Under applicable case law, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "articulated business judgment"); Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996 (notice that under normal circumstances, the court defers to the trustee's judgment so long as there is a "legitimate business justification"); In re Del. & Hudson R.R. Co., 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose") test to evaluate motions brought pursuant to section 363(b)). Courts have applied the section 363(b) standard when a debtor employs one or more individuals to serve as restructuring officers or managers. See In re Tokheim Corp., Case No. 02-13437 (RJN) (Bankr. D. Del. Feb. 25, 2003).

10. EB&Co. does not hold any personal interest materially adverse to the estate and is "disinterested" within the meaning of 11 U.S.C. § 101(14). EB&Co. holds no known connection with the Debtor, their creditors, or any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as stated herein.

11. EB&Co. seeks to be compensated for the services described above upon the terms set forth in the Engagement Letter. Pursuant to the terms of the Engagement Letter, the Debtor is to pay EB&Co. a fee of $10,000 per month, payable monthly in advance, and is to reimburse EB&Co. on a monthly basis for all reasonable and documented out-of-pocket expenses. Upon a sale of the power plant operations, the EB&Co. is to be paid, at the closing of the sale, a contingency fee according to the following schedule:

| Consideration Received: | $ or Percentage Fee: |
| --- | --- |
| Under $20 million | $400,000.00 |
| $20 to $30 million | 2% |
| $30 to $35 million | 1.9% |
| $35 to $40 million | 1.8% |
| $40 to $45 million | 1.6% |
| $45 to $50 million | 1.5% |

12. EB& Co is well qualified to perform the duties described in the Engagement Letter, and has in fact positioned the power plant operations for a sale in the near future. The continued employment of EB&Co, upon the terms and conditions set forth in the Engagement Letter, is fair, reasonable, and in the best interests of this estate.

WHEREFORE, the Debtor respectfully requests an order of this Court authorizing the continued employment of EB&Co. on behalf of this estate, as of the date of filing of the petition herein.

Dated this 29th day of July, 2010.

/s/ David M.Reaves
David M. Reaves,
Receiver for Debtor

COPY of the foregoing MAILED
this 29th day of July, 2010, to:

Donald L. Gaffney
Lori A. Lewis
Benjamin W. Reeves
Snell & Wilmer, LLP
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004
Attorneys for CoBank ACB

J. Matthew Derstine
Roshka DeWulf & Patten, PLC
One Arizona Center
400 East Van Buren Street, Suite 800
Phoenix, Arizona 85004
Attorney for Arizona Public Service Company

Carolyn J. Johnsen
Kerry A. Hodges
Jennings, Strouss & Salmon, PLC
One East Washington Street, Suite 1900
Phoenix, Arizona 85004
Attorneys for Salt River Project Agricultural Improvement
 and Power District

Kelly Singer
Bradley A. Cosman
Squire, Sanders & Dempsey. LLP
One East Washington, Suite 2700
Phoenix, Arizona 85004
Attorneys for Renegy Holdings, Inc.

Steven B. Richardson
Holme Roberts & Owen, LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203

Jimmy F. Dahu
Gerald Shelley
Fennemore Craig
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012

J. Gregory Lake
Lake & Cobb, PLC
1095 West Rio Salado Parkway, Suite 206
Tempe, Arizona 85281
Attorneys for J&T Grinding, LLC

Christopher J. Johnson
One East Washington, Suite 2700
Phoenix, Arizona 85004

Renegy Holdings, Inc.
3418 North Val Vista Drive
Mesa, Arizona 85213

Richard J. Cuellar
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

/s/ Kathleen Arnold