EXHIBIT 1

## Sale Procedures

Set forth herein are the bid procedures (the "Sale Procedures") to be employed with respect to the offer to purchase substantially all of the assets of Snowflake White Mountain Power, LLC (the "Company") submitted by Snowflake Power, LLC (the "Proposed Purchaser"). On July 9, 2010, David M. Reaves, in his capacity as court-appointed receiver and not in his personal capacity (the "Receiver") for the Company, caused the Company to file a voluntary petition for relief commencing a case in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court"), administered under Case No. 10-21604. The Receiver will seek entry of an order from the Bankruptcy Court authorizing and approving the proposed sale (the "Proposed Sale") to the Proposed Purchaser or to one or more other Qualified Bidders (defined below) that the Receiver may determine to have made the highest, best or otherwise financially superior offer. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement (defined below).

## Asset Purchase Agreement

On September 9, 2010, the Receiver entered into an asset purchase agreement (the "Agreement") with the Proposed Purchaser. Pursuant to the Agreement, the Proposed Purchaser proposes to acquire free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon to the maximum extent permitted by Section 363 of the Bankruptcy Code (collectively, the "Liens"), substantially all of the Company's real and personal, tangible and intangible property and assets of any kind or nature whatsoever, and all proceeds, rents or profits thereof, including, but not limited to, accounts receivable, any and all claims and causes of action, all trade names, trademarks, copyrights, and other intellectual property and license rights owned by the Company (collectively, the "Purchased Assets"), provided, however, the Purchased Assets shall not include those certain assets expressly identified as "Excluded Assets" under the terms of the Agreement.

The purchase price (the "Purchase Price") to be paid by the Proposed Purchaser for the Purchased Assets shall be not less than $475,000, but is subject to adjustment prior to Closing in accordance with the terms of the Agreement. Also pursuant to the Agreement, at the Closing, the Proposed Purchaser shall assume from the Company and thereafter pay, perform or otherwise discharge in accordance with their respective terms and subject to the respective conditions thereof, the assumed liabilities (the "Assumed Liabilities").

## Expenses of Proposed Purchaser

Under the Agreement, the Company has agreed to pay certain expenses of the Proposed Purchaser under certain circumstances (the "Proposed Purchaser Expenses"). In the event that Proposed Purchaser is not the successful bidder in the sale of the Purchased Assets conducted pursuant to 11 U.S.C. § 363, then Company shall pay to Proposed Purchaser, on or about the closing date of the sale, $250,000 to cover Proposed Purchaser's costs, expenses and effort incurred in connection with this sale. The transaction contemplated by the Agreement is

subject to competitive bidding as set forth herein, and approval by the Bankruptcy Court pursuant to the Bankruptcy Code.

## The Bidding Process

The Receiver and his advisors shall (i) determine whether any person that submits a bid for the Purchased Assets is a Qualified Bidder (defined below), (ii) coordinate the efforts of Qualified Bidders in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders, and (iv) negotiate in good faith any offers made to purchase the Purchased Assets (collectively, the "Bidding Process"). Any person that wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Receiver nor his representatives shall be obligated to furnish information of any kind whatsoever to any person that is not a Qualified Bidder.

## Participation Requirements

Any person that wishes to participate in the Bidding Process (a "Potential Bidder") must become a "Qualified Bidder." As a prerequisite to becoming a Qualified Bidder (and thus, among other things, prior to being able to conduct due diligence), a Potential Bidder must deliver (unless previously delivered) to the Receiver, not later than 10 business days after entry of the order approving these Sale Procedures (the "Sale Procedures Order"):

(i) An executed confidentiality agreement in form and substance acceptable to the Receiver; and

(ii) Sufficient information, as requested by the Receiver, to allow the Receiver to determine that the Potential Bidder has the financial wherewithal to close the sale transaction, including, but not limited to, current audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Receiver) of the Potential Bidder or of those entities that will guarantee the obligations of the Potential Bidder.

A Potential Bidder that delivers the documents described in subparagraphs (i) - (ii), and that the Receiver determines is reasonably likely (based on financial information submitted by the Potential Bidder, the availability of financing, experience and other considerations deemed relevant by the Receiver), to submit a bona fide offer and to be able to consummate a sale if selected as a Successful Bidder (defined below) is a "Qualified Potential Bidder." No later than seven business days after a Potential Bidder delivers all of the materials required by subparagraphs (i) - (ii) above, the Receiver shall determine, and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Potential Bidder.

## Due Diligence

The Receiver may afford any Qualified Potential Bidder the time and opportunity to conduct reasonable due diligence; provided, however, that the Receiver shall not be obligated to furnish any due diligence information after the Bid Document Deadline (as hereinafter defined). The Receiver will designate an employee or other representative to coordinate all reasonable

7

SF\762717.4

requests for additional information and due diligence access from such Qualified Potential Bidders. Neither the Receiver nor any of his representatives are obligated to furnish any information to any person other than a Qualified Potential Bidder.

### Pre-Bid Document Requirements

All Qualified Potential Bidders must submit the following (unless such requirement is waived by the Receiver):

- A $500,000 good faith deposit ("Good Faith Deposit").

- Written evidence of a commitment for financing or other evidence of the ability to consummate the sale satisfactory to the Receiver with appropriate contact information for such financing sources (the "Financing Commitment").

- A blackline of the Agreement showing the Qualified Potential Bidder's proposed revisions to the form signed by the Proposed Purchaser and the Receiver; provided that in any event Section 2.2(b)(ii) of the Agreement shall be modified to read in full as follows:

  "(ii) If this Agreement is validly terminated by the Receiver due to Buyer's breach, the Deposit Amount shall be applied to any damages incurred by the Receiver, without limitation of the Receiver's right to pursue Buyer for additional damages; and"

- Evidence of a filing with the Federal Energy Regulatory Commission of an application for authorization of disposition of jurisdictional facilities pursuant to Section 203(a)(1) of the Federal Power Act (collectively with the Financing Commitment and the blackline described above, the "Required Bid Documents"). The Receiver will assist in preparation of the portions of this application that relate to the disposing party.

### Required Bid Document Deadline

A Qualified Potential Bidder that desires to make a bid at the Sale Hearing (as defined below) shall deliver the Good Faith Deposit and the Required Bid Documents to David M. Reaves, 2999 N. 44th Street, Suite 600, Phoenix, AZ 85018 at least three business days prior to the Sale Hearing (the "Bid Document Deadline"). A Qualified Potential Bidder that meets all of the above requirements is a Qualified Bidder for the purposes of the Sale Hearing.

### Proposed Purchaser Qualified Bidder

The Proposed Purchaser is a Qualified Bidder. The Proposed Purchaser's offer to purchase the Purchased Assets as set forth in the Agreement is irrevocable until the earliest of (i) the day that the Purchased Assets have been sold pursuant to the closing of a sale approved by the Bankruptcy Court, (ii) 60 days after the conclusion of the Sale Hearing or such later date on which FERC shall have approved the Sale to the Proposed Purchaser under Section 203 of the

Federal Power Act or definitively denied such approval, and (iii) the date the Agreement is validly terminated in accordance with its terms.

### "As Is, Where Is"

The sale of the Purchased Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Receiver, his agents or the Company's bankruptcy estate except to the extent set forth in the Agreement or the purchase agreement of another Successful Bidder. The Proposed Purchaser and each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Purchased Assets prior to making its bid, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Purchased Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Sale Procedures and the terms of the sale of the Purchased Assets to Proposed Purchaser or any other Successful Bidder shall be set forth in the Agreement or the other Successful Bidder's purchase agreement, as the case may be.

### Purchased Assets to be Sold Free of Any And All Liens

Except as otherwise provided in the Agreement or another Successful Bidder's purchase agreement, all of the Company's right, title and interest in the Purchased Assets shall be sold free and clear of all Liens thereon and there against in accordance with Section 363 of the Bankruptcy Code.

### Purchased Contracts

The Company (i) shall be required to pay all amounts determined by the Bankruptcy Court to be necessary to cure monetary defaults under the Purchased Contracts to the extent assigned to the Successful Bidder in connection with the sale and if any such cure amount has not been finally determined by the Bankruptcy Court, or otherwise agreed upon by the applicable parties, then the Company shall escrow all amounts necessary to pay anticipated claims, and (ii) shall have otherwise complied with Section 365(b) of the Bankruptcy Code.

### Sale Hearing and Auction

If more than one Qualified Bidder is identified, the Receiver and the Bankruptcy Court shall conduct an auction (the "Auction") with respect to the Purchased Assets at a hearing to be held on or as soon as possible after September 27, 2010 (the "Sale Hearing"). The Receiver shall notify all Qualified Bidders of the time and place of the Auction and Sale Hearing.

Only a Qualified Bidder is eligible to participate at the Auction. During the Auction, bidding shall begin initially with the Proposed Purchaser's initial Purchase Price and shall subsequently continue in $500,000 increments until no Qualified Bidder is willing to make

9

another bid. Other than otherwise set forth herein, the Bankruptcy Court may conduct the Auction in the manner it determines will result in the highest, best or otherwise financially superior offer(s) for the Purchased Assets.

Upon conclusion of the bidding, the Auction shall be closed, and the Receiver shall (i) immediately review each bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) identify the highest, best or otherwise financially superior offer for the Purchased Assets (the "Successful Bid", and the entity or entities submitting such Successful Bid, the "Successful Bidder"), which highest, best or otherwise financially superior offer will provide the greatest amount of net value to the Company's bankruptcy estate, and advise the Qualified Bidders and counsel to the Proposed Purchaser of such determination. If the Proposed Purchaser's final bid is deemed to be highest and best at the conclusion of the Auction, the Proposed Purchaser will be the "Successful Bidder," and such bid, the "Successful Bid."

Prior to the conclusion of the Sale Hearing, the Court shall identify the Successful Bid and the Successful Bidder. At that time, the Bankruptcy Court shall hear evidence regarding whether the Successful Bid shall be approved. All interested parties reserve their right to object to the Receiver's selection of the Successful Bidder.

Following the approval of the sale of the Purchased Assets to the Successful Bidder at the Sale Hearing, if such Successful Bidder fails to consummate an approved sale within 25 days after entry of the Sale Order, the Receiver shall be authorized, but not required, to deem the next highest or otherwise best bid, as disclosed at the Sale Hearing, the Successful Bid, and the Receiver shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such bid without further order of the Bankruptcy Court.

**Return of Good Faith Deposit**

Good Faith Deposits of the Successful Bidder shall be applied to the purchase price of such transaction at closing as provided in Section 2.2(b) of the Agreement. Good Faith Deposits of all other Qualified Bidders shall be held in a non interest-bearing escrow account until five days after closing of the transactions contemplated by the Successful Bid, and thereafter returned to the respective bidders. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Receiver shall be entitled to retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by the Successful Bidder.

**Modifications**

The Receiver may (i) determine, which bid, if any, is the highest, best or otherwise financially superior offer; and (ii) reject at any time before entry of an order of the Bankruptcy Court approving this sale any bid that is (A) inadequate or insufficient, (B) not in conformity with the requirements of the Bankruptcy Code, the Sale Procedures, or the terms and conditions of sale, or (C) contrary to the best interests of the Company, its bankruptcy estate and its creditors. At or before the Sale Hearing, the Receiver may impose such other terms and

10

conditions as the Receiver may determine to be in the best interests of the Company's estate, its creditors and other parties in interest.